**Mary Ellen McKNIGHT**

v.

**NORTH CHARLES GENERAL HOSPITAL.**

**Civ. No. S 84-3826.**

United States District Court, D. Maryland.

Dec. 5, 1986.

Elizabeth E. Hogue, Wright, Constable & Skeen, Baltimore, Md., for plaintiff.

Bruce S. Harrison and Eric Hemmendinger, Shawe & Rosenthal, Baltimore, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This is a case filed pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5. In her unverified complaint, plaintiff contended that when, because of postpartum complications, she informed the defendant that she could not return to work as head nurse of its coronary care unit until August 1, 1983, the defendant filled the head nurse position with another nurse and that, when plaintiff did return to work on August 1, 1983, she was required to work in a lower-salaried position as staff nurse on the night shift in the coronary care unit. She also alleged that male employees on sick leave would have their jobs held for them without similar limitations on the duration of their absences. For relief,

plaintiff asked for "any relief which is necessary to place the Plaintiff in the same position in which she would have been but for the discriminatory practices of the Defendant Hospital including, but not limited to, adjustment of wages, salary, and employment benefits for the Plaintiff to that level which she would be enjoying but for the discrimination against her because of her sex." She also asked for a judgment against the defendant for the amount of lost wages and other employment benefits she suffered because of the alleged discrimination, with interest thereon, and she requested a permanent injunction requiring the defendant to establish, utilize, and to make known to its employees, objective, job-related and non-discriminatory job qualifications for assignments. She also asked for costs and attorney's fees, as well as other appropriate relief. The defendant moved for summary judgment on June 3, 1985, furnishing the affidavit of Phyllis Patterson, Assistant Director of Human Resources of the North Charles General Hospital. As exhibits to the Patterson affidavit, copies of the Hospital's leave policies were attached. Furthermore, the defendant relied upon the plaintiff's answers to interrogatories. The plaintiff responded to the defendant's motion without any affidavit or other supporting material, arguing only that there were facts in dispute under the complaint tending to show prohibited sex discrimination. The defendant replied to the plaintiff's response.

Upon review of the motion and the defendant's supporting affidavit and exhibits, I am of the opinion that the plaintiff could not prove, on this state of the record, prohibited sex discrimination by a preponderance of the evidence. *See Anderson v. Liberty, Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A defendant who moves for summary judgment is not required to (but did in this case) submit affidavit proof in support of its contention that there is an absence of genuine dispute as to material facts. *Celotex v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rather, it is the opponent's duty to show a genuine dispute of

material fact, which she cannot do merely by referring to her unverified complaint. *Id.;* FED.R.CIV.P. 56(e).

In this case, there is no dispute, under the procedural framework set forth above, as to the even application of defendant's leave policies as between male and female employees. Plaintiff simply cannot rely on the unverified allegations of her complaint to combat the defendant's properly supported assertions of the absence of genuine factual dispute. There is, thus, simply no dispute, properly generated by the plaintiff under the Rule in *Celotex,* as to the *fact* of discrimination. Plaintiff claims in her response, at page two, that the defendant has "failed to show any nondiscriminatory reason for filling Plaintiff's position and routinely held jobs open for male employees or placed males in positions equal in pay and status to those held prior to disability. Because facts crucial to Plaintiff's claim are, indeed, in dispute, summary judgment should not be granted to the Defendants." The flaw in plaintiff's position is that she has not properly put any facts in dispute as required by FED.R.CIV.P. 56(e) and *Celotex.* Therefore, there is no genuine issue raised as to discriminatory application of leave policies, because her complaint is insufficient to generate a dispute that can withstand summary judgment. Furthermore, there is no dispute at all that plaintiff, in her new job as staff nurse, actually earned more per hour than she had been earning as head nurse. As staff nurse, she earned $14.15 per hour on a 40–hour per week basis, and, because she actually only worked 36 hours, she earned an actual rate of $15.72 per hour. As head nurse, she had been making $13.94 per hour. Finally, it is not disputed that plaintiff voluntarily left the employ of the defendant in December, 1983 to accompany her husband to Alabama and then went with him to Alaska, thus showing not only no damages while she was still employed at North Charles General, but also no damages after her resignation therefrom, attributable to any discriminatory policy of the defendant.

Because there is no genuine dispute as to any material fact either going to the fact of discrimination or to any injury caused to plaintiff thereby, an order and judgment will be entered separately granting the defendant's motion for summary judgment.